IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| IN RE: | ) | CASE NO.: 19-16503 |
|---|---|---|
| | ) | |
| Prekeyse F Chatmon | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| Debtors, | ) | JUDGE PRICE SMITH |
| | ) | |

## DEBTORS MOTION FOR IMPOSITION OF AUTOMATIC STAY
## (11 U.S.C. 362 (C)(3)

Now comes Debtor, by and through counsel, and pursuant to 11 U.S.C. 362(C)(3), hereby respectfully move this Honorable Court for an order imposing the automatic stay provisions afforded a debtor under 11 U.S.C. 362(a), throughout the pendency of this case.

The grounds supporting issuance of an order imposing the stay upon all duly-scheduled and noticed creditors in this case and are more fully set forth in the Accompanying Memorandum in support.

Respectfully submitted,

/s/ Irving S. Bergrin
Irving S. Bergrin (0010100)
27600 Chagrin Blvd, #340
Cleveland, OH 44122
(216) 831-3424/Fax: 831-6584
**ibergrin@aol.com**
Attorney for Debtor

## MEMORANDUM IN SUPPORT

I.      FACTS RELEVANT TO DEBTOR'S PRIOR FILING HISTORY

The Debtor filed the instant case on October 22,2019. Within the last year, the Debtors was party to a prior Chapter 13 filing in this Court in Case Number 19-13589. That case was filed on June 8,2019, and was dismissed on September 10, 2019. Debtor Prekeyse F Chatmon had become ill just after filing resulting in a funding issue. Debtor has since returned to work without incident.

II.     BAPCPA REQUIREMENTS REGARDING THE IMPOSITION/TERMINATION OF AUTOMATIC STAY PROVISIONS UPON ALL CREDITORS

The BAPCPA of 2005 added new provisions related to a Debtors entitlement to seek the protections afforded by the automatic stay provisions contained in 11 U.S.C. 362(a). More specifically, new 11 U.S.C. 362(C)(3), in plain English provided:

> If a single or joint case if filed under Chapter 7 or 13, and the Debtors were party to a prior Chapter 7 or 13 case within the past year, and such case was dismissed:
>
> (A) The automatic stay shall terminate on the 30th day from such filing;
>
> (B) However, upon motion and hearing completed within 30 days from the later filing, the court may extend the stay as to any or all creditors if the Debtor shows that the later filing is in good faith;
>
> (C) A case is presumed to not be in good faith-
>
>     (i).    As to ALL creditors if:
>
>         (I).    Two or more Chapter 7 or 13 cases have been pending within the past year;
>
>         (II).   A previous Chapter 7 or 13 was dismissed within the past year because:

- (aa). Debtor failed to properly file or amend required pleadings;
- (bb). Debtor failed to provide adequate protection as ordered by the Court; or
- (cc). Debtor failed to perform under a confirmed plan.

(II). There has not been a substantial change in the personal/financial affairs of the Debtor since dismissal of the last Chapter 7 or 13 case, or any other reason to conclude that the current case will not be concluded;

- (aa). If a Chapter 7, end in discharge; or
- (bb). If a Chapter 13, that a confirmed plan will be completed.

(iii). As to ANY creditor who filed a stay lift motion in the prior case, if at the time of the dismissal of the prior case, such motion was still pending, or was resolved by an agreed order that altered the automatic stay provisions;

For the reason(s) set forth in Section I above (FACTS RELEVANT TO DEBTOR'S PAST FILING HISTORY), the burden of imposing the automatic stay provisions upon creditors in this case now rests with the Debtor. The Debtor believes that the factual basis set forth below compels the Court to impose the stay throughout this case. Moreover, the Debtor avers that the instant Plan of reorganization was filed in good faith. The Debtor submits that no creditor herein can establish that the current case was filed with any genuine lack of good faith, nor that the Debtors can show improved personal/financial circumstances, which would warrant a refusal by the Court to extend the stay to give the Debtors the opportunity to perform under the instant Plan.

WHEREFORE, based on the foregoing, the Debtors request the Court impose the automatic stay provisions afforded the Debtor by 11 U.S.C. 362(a) upon all creditors throughout this case, that this matter be set for hearing and adjudicated within thirty (30) days of the Order of Relief herein; and that the Debtor be granted such other relief as may be proper and equitable under the circumstances.

/s/ Irving S. Bergrin
IRVING S. BERGRIN (0010100)
27600 Chagrin Blvd., Ste. 340
Cleveland, Ohio 44122
(216) 831-3424/Fax: 831-6584
**ibergrin@aol.com**

Attorney for Debtor

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Motion** was sent to the following on October 22, 2019:

Lauren A Helbling, Chapter 13 Trustee    Via ECF
Ch13trustee@ch13cleve.com

The following creditors wwere served Via US Mail:

Nationstar Mortgage LLC, dba Mr. Cooper
Attn: Bankruptcy Depatment
PO Box 619096
Dallas, TX 75261-9741

Prestige Financial
PO Box 26707
Salt Lake City, UT 84126

Eagle Loan Company of Ohio Inc
5961 Andrews Rd
Mentor, OH 44060

/s/ Irving S. Bergrin
Irving S. Bergrin (0010100)